IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| VICTOR F.,[1] ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 22 C 1451 |
| v. ) | |
| ) | Magistrate Judge |
| KILOLO KIJAKAZI, Acting ) | Maria Valdez |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |
| ) | |

**MEMORANDUM OPINION AND ORDER**

This action was brought under 42 U.S.C. § 405(g) to review the final decision of the Commissioner of Social Security denying Plaintiff Victor F.'s claims for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI"). The parties have consented to the jurisdiction of the United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). For the reasons that follow, Plaintiff's motion for summary judgment [Doc. No. 13] is granted, and the Commissioner's cross-motion for summary judgment [Doc. No. 14] is denied.

---

[1] In accordance with Internal Operating Procedure 22 – Privacy in Social Security Opinions, the Court refers to Plaintiff only by his first name and the first initial of his last name.

## BACKGROUND

### I. PROCEDURAL HISTORY

On April 3, 2019, Plaintiff filed claims for DIB and SSI, alleging disability since January 15, 2019. The claims were denied initially and upon reconsideration, after which he timely requested a hearing before an Administrative Law Judge ("ALJ"). A telephonic hearing was held on April 15, 2021, and all participants attended the hearing by telephone. Plaintiff appeared and testified at the hearing and was represented by counsel. A vocational expert ("VE") also testified.

On June 2, 2021, the ALJ denied Plaintiff's claims for benefits, finding him not disabled under the Social Security Act. The Social Security Administration Appeals Council then denied Plaintiff's request for review, leaving the ALJ's decision as the final decision of the Commissioner and, therefore, reviewable by the District Court under 42 U.S.C. § 405(g). *See Haynes v. Barnhart*, 416 F.3d 621, 626 (7th Cir. 2005).

### II. ALJ DECISION

Plaintiff's claims were analyzed in accordance with the five-step sequential evaluation process established under the Social Security Act. *See* 20 C.F.R. § 404.1520(a)(4). The ALJ found at step one that Plaintiff had not engaged in substantial gainful activity since his alleged onset date of January 15, 2019. At step two, the ALJ concluded that Plaintiff had the following severe impairments: coronary artery disease, status-post bypass surgery; hypertension; and degenerative disc disease of the cervical and lumbar spine, status-post surgery. The ALJ

2

concluded at step three that Plaintiff's impairments, alone or in combination, do not meet or medically equal any listed impairments.

Before step four, the ALJ determined that Plaintiff retained the residual functional capacity ("RFC") to perform light work with the following additional limitations: can occasionally climb ladders, ropes, and scaffolds, stoop, and crawl; and can frequently climb ramps and stairs, kneel, and crouch. At step four, the ALJ concluded that Plaintiff is capable of perform his past relevant work as a hand packager and driver chauffer. Accordingly, the ALJ found that Plaintiff is not disabled under the Social Security Act.

## DISCUSSION

### I.  ALJ LEGAL STANDARD

Under the Social Security Act, a person is disabled if she has an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 423(d)(1)(a). In order to determine whether a plaintiff is disabled, the ALJ considers the following five questions in order: (1) Is the plaintiff presently unemployed? (2) Does the plaintiff have a severe impairment? (3) Does the impairment meet or medically equal one of a list of specific impairments enumerated in the regulations? (4) Is the plaintiff unable to perform her former occupation? and (5) Is the plaintiff unable to perform any other work? 20 C.F.R. § 416.920(a)(4).

An affirmative answer at either step three or step five leads to a finding that the plaintiff is disabled. *Young v. Sec'y of Health & Human Servs.*, 957 F.2d 386, 389 (7th Cir. 1992). A negative answer at any step, other than at step three, precludes a finding of disability. *Id.* The plaintiff bears the burden of proof at steps one to four. *Id.* Once the plaintiff shows an inability to perform past work, the burden then shifts to the Commissioner to show the plaintiff's ability to engage in other work existing in significant numbers in the national economy. *Id.*

## II. JUDICIAL REVIEW

Section 405(g) provides in relevant part that "[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). Judicial review of the ALJ's decision is thus limited to determining whether the ALJ's findings are supported by substantial evidence or based upon legal error. *Clifford v. Apfel*, 227 F.3d 863, 869 (7th Cir. 2000); *Stevenson v. Chater*, 105 F.3d 1151, 1153 (7th Cir. 1997). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Skinner v. Astrue*, 478 F.3d 836, 841 (7th Cir. 2007). An ALJ's decision should be affirmed even in the absence of overwhelming evidence in support: "whatever the meaning of 'substantial' in other contexts, the threshold for such evidentiary sufficiency is not high. Substantial evidence is . . . 'more than a mere scintilla.' . . . It means – and means only – 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154, (2019)

4

(citations omitted). This Court may not substitute its judgment for that of the Commissioner by reevaluating facts, reweighing evidence, resolving conflicts in evidence, or deciding questions of credibility. *Skinner*, 478 F.3d at 841; *see also Elder v. Astrue*, 529 F.3d 408, 413 (7th Cir. 2008) (holding that the ALJ's decision must be affirmed even if "'reasonable minds could differ'" as long as "the decision is adequately supported") (citation omitted).

However, even under this relatively lenient standard, an ALJ is not absolved of her duty to support the decision with record evidence. *See Meuser v. Colvin*, 838 F.3d 905, 910 (7th Cir. 2016) ("We will uphold an ALJ's decision if it is supported by substantial evidence, but that standard is not satisfied unless the ALJ has adequately supported his conclusions."). The ALJ is not required to address "every piece of evidence or testimony in the record, [but] the ALJ's analysis must provide some glimpse into the reasoning behind her decision to deny benefits." *Zurawski v. Halter*, 245 F.3d 881, 889 (7th Cir. 2001). In cases where the ALJ denies benefits to a plaintiff, "he must build an accurate and logical bridge from the evidence to his conclusion." *Clifford*, 227 F.3d at 872. The ALJ must at least minimally articulate the "analysis of the evidence with enough detail and clarity to permit meaningful appellate review." *Briscoe ex rel. Taylor v. Barnhart*, 425 F.3d 345, 351 (7th Cir. 2005); *Murphy v. Astrue*, 496 F.3d 630, 634 (7th Cir. 2007) ("An ALJ has a duty to fully develop the record before drawing any conclusions . . . and must adequately articulate his analysis so that we can follow his reasoning . . . ."); *see Boiles v. Barnhart*, 395 F.3d 421, 425 (7th Cir. 2005).

Where conflicting evidence would allow reasonable minds to differ, the responsibility for determining whether a plaintiff is disabled falls upon the Commissioner, not the court. *See Herr v. Sullivan*, 912 F.2d 178, 181 (7th Cir. 1990). However, an ALJ may not "select and discuss only that evidence that favors his ultimate conclusion," but must instead consider all relevant evidence. *Herron v. Shalala*, 19 F.3d 329, 333 (7th Cir. 1994).

### III. ANALYSIS

Plaintiff argues that the ALJ's decision was in error for several reasons, including: (1) the ALJ did not properly evaluate the medical opinion evidence; (2) the ALJ erred by failing to evaluate favorable VE testimony; and (3) the ALJ's symptom evaluation was unsupported by substantial evidence.

In advancing his first argument, Plaintiff maintains in particular that the ALJ did not properly assess the opinion of consultative examiner Dr. Fauzia Rana. Because Plaintiff filed his claims in 2019, the ALJ was required to evaluate the medical opinion evidence under regulations applicable to claims filed on or after March 27, 2017. 20 C.F.R. § 404.1520c (2017). Under these regulations, the ALJ "will not defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical finding(s), including those from [a claimant's] medical sources." 20 C.F.R. § 404.1520c(a). An ALJ is instead required to articulate "how persuasive [she] find[s] all of the medical opinions and all of the prior administrative medical findings in [a claimant's] case record." 20 C.F.R. § 404.1520c(b). Factors to be considered in this evaluation include

6

supportability, consistency, relationship with the claimant, specialization, and other factors that tend to support or contradict a medical opinion or prior administrative medical finding. 20 C.F.R. § 404.1520c(a), (c). Supportability and consistency are the two most important factors. 20 C.F.R. § 404.1520c(a); *see* 20 C.F.R. § 404.1520c(c)(2) ("The more consistent a medical opinion(s) or prior administrative medical finding(s) is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) or prior administrative medical finding(s) will be."). An ALJ's decision must explain how she considered the factors of supportability and consistency, but she is not required to explain how she evaluated the other factors. 20 C.F.R. § 404.1520c(b)(2).

In this case, Dr. Rana performed a consultative examination of Plaintiff and opined that Plaintiff "has some difficulty in prolonged walking, lifting and carrying due to pain and weakness in his spine and easy fatiguability." (R. 1520.) The entirety of the ALJ's analysis of Dr. Rana's opinion was as follows:

> The claimant's consultative examiner, Fauzia Rana, M.D., said that the claimant would have some difficulty in prolonged walking, lifting, and carrying. The undersigned finds this only somewhat persuasive. While this is not an in-depth functional evaluation, this is consistent with the longitudinal record.

(R. 26 (citation omitted). The Court agrees with Plaintiff that the ALJ's assessment of Dr. Rana's opinion is inadequate.

"[W]hile a detailed analysis is not required, the ALJ must consider the regulatory factors and explain why a medical opinion is not supported or is not consistent with the record to give a reviewing court the bridge to connect the outcome to the record." *Evonne R. v. Kijakazi*, No. 20 CV 7652, 2022 WL 874650, at

7

\*5 (N.D. Ill. Mar. 24, 2022) (citations omitted). The ALJ did not provide that requisite bridge here. To reiterate, the only actual analysis provided by the ALJ was that Dr. Rana's opinion was "not an in-depth functional evaluation" but was otherwise "consistent with the longitudinal record." (R. 26.) As an initial matter, the Court agrees with Plaintiff that "the ALJ's reasoning was logically inconsistent." (Pl.'s Br. at 6.) Per the recitation above, the ALJ's RFC assessment does not contain any specific accommodations for walking, lifting, or carrying. However, if Dr. Rana's "opinion was consistent with the longitudinal record, it follows that the opinion was persuasive and that Dr. Rana's walking, lifting, and carrying limitations should have been incorporated into the RFC." (*Id*.) The ALJ provided no explanation for why walking, lifting, and carrying restrictions were not included in the RFC.

  Moreover, and in any event, the Court finds that the ALJ's treatment of Dr. Rana's opinion is insufficient because the ALJ completely failed to expound upon the supportability and consistency of the opinion. *Steven H. v. Kijakazi*, No. 20-CV-50181, 2022 WL 972328, at \*5 (N.D. Ill. Mar. 31, 2022) ("[T]he ALJ never sufficiently addressed the key issues of consistency and supportability in addressing the medical opinions."); *Patrice W. v. Kijakazi*, No. 20 C 02847, 2022 WL 2463557, at \*3 (N.D. Ill. July 6, 2022) ("The ALJ thus failed entirely to explain the supportability of the consultants' opinions, and only identified a conclusion – as opposed to an explanation – with respect to the consistency of the consultants' opinions with the record."). The ALJ's terse comments fall far short of what is required. *See Jomarie S. v. Kijakazi*, No. 20-CV-7029, 2022 WL 2105916, at \*4 (N.D.

Ill. June 10, 2022) ("The categorical statements made by the ALJ are not supported [by] the record in this case, and a more nuanced discussion regarding the supportability and consistency of the treating psychiatrist's opinion is necessary."); *Judith W. v. Kijakazi*, No. 21-CV-3254, 2023 WL 349843, at *3 (N.D. Ill. Jan. 20, 2023) ("The ALJ did not adequately explain how she considered the supportability and consistency factors for Dr. Mather's opinions in her determination. . . . In any subsequent opinion, the ALJ shall cite which evidence in the record the ALJ relied on to find that Dr. Mather's opinions were not supportable or consistent with the record."). Tellingly, Defendant does not – and cannot – point to any supportability or consistency analyses provided by the ALJ.

Ultimately, the shortcomings in the ALJ's assessment of Dr. Rana's opinion require that this matter be remanded. *See Fatime I. v. Kijakazi*, No. 20 CV 3603, 2022 WL 4605081, at *5 (N.D. Ill. Sept. 30, 2022) ("Because the ALJ did not address the supportability and consistency of those opinions, remand is required."); *Patrice W.*, 2022 WL 2463557 at *4 ("[The regulations] required the ALJ to explain *how* Dr. Dolan's opinion was inconsistent with and/or unsupported by the record, but the ALJ provided only a rote conclusion with respect to the supportability and consistency of Dr. Dolan's opinions with the broader record. This alone warrants remand.").

Based on its conclusion that remand is necessary for the above reasons, the Court need not explore in detail the remaining errors claimed by Plaintiff. The Court emphasizes that the Commissioner should not assume these issues were

9

omitted from the opinion because no error was found. Indeed, the Court admonishes the Commissioner that, on remand, special care should be taken to ensure that all of the medical opinion evidence is properly evaluated, the VE testimony is properly considered, and Plaintiff's subjective symptoms are properly assessed.

## CONCLUSION

For the foregoing reasons, Plaintiff's motion for summary judgment [Doc. No. 13] is granted, and the Commissioner's cross-motion for summary judgment [Doc. No. 14] is denied. The Court finds that this matter should be remanded to the Commissioner for further proceedings consistent with this Order.

**SO ORDERED.**      **ENTERED:**

*Maria Valdez*

**DATE:**    **March 9, 2023**      _____

                                                                  **HON. MARIA VALDEZ**
                                                                  **United States Magistrate Judge**